UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
AMANDA ZAPATA and RUBILIA
VELAZQUEZ, individually and on behalf of
others similarly situated,   **ORDER**
   14-CV-4114 (SIL)
                Plaintiffs,

   -against-

LUZ BEDOYA and CHILDREN'S PLANET,
INC.,

                Defendants.
----------------------------------------------------------------X

**LOCKE, Magistrate Judge:**

Presently before the Court in this wage and hour action brought pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL"), N.Y. Lab. Law § 190 *et seq.*, is the parties' joint application seeking approval of a Settlement Agreement and Release (the "Settlement Agreement"). *See* Docket Entry ("DE") [40]. For the reasons set forth herein, the parties' joint application is denied without prejudice.[1]

**I.   BACKGROUND**

By way of Complaint dated July 2, 2014, Plaintiffs Rubilia Velazquez and Amanda Zapata (together, "Plaintiffs") commenced this action against Defendants Luz Bedoya and Children's Planet, Inc. (together, "Defendants"), on behalf of themselves and others similarly situated, seeking to recover: (i) unpaid minimum and overtime wages pursuant to the FLSA and NYLL; (ii) unpaid spread-of-hours

---

[1] This action has been assigned to this Court for all purposes pursuant to 28 U.S.C. § 636(c). *See* DE [21].

1

compensation pursuant to the NYLL; (iii) statutory damages as a result of Defendants' alleged violation of the NYLL's notice and recordkeeping requirements and wage statement provisions; and (iv) damages for Defendants' alleged breach of oral agreements. *See* Compl., DE [2], ¶¶ 87-117. Plaintiffs allege, among other things, that "Defendants maintained a policy and practice of requiring Plaintiffs, and all similarly situated employees, to work in excess of forty (40) hours per week without paying them appropriate minimum wage and overtime compensation and 'spread of hours' pay, as required by federal and state laws." *Id.* at ¶ 69.

On April 21, 2016 the parties participated in a Court-supervised settlement conference, but were unable to resolve this matter at that time. *See* DE [36]. However, on June 16, 2016, Plaintiffs submitted a Notice of Settlement, advising the Court that the parties had reached a settlement in principal and intended to submit a motion seeking approval of the settlement within thirty days. *See* DE [38]. On August 29, 2016, the parties submitted the instant joint application seeking approval of the Settlement Agreement. *See* DE [40]. Pursuant to the terms of the Settlement Agreement, in order to resolve all pending claims, Defendants agree to pay Plaintiffs $40,000.00, of which, $13,200.00 will be payable to the law firm Michael Faillace & Associates, P.C. as an award of attorneys' fees and costs. *See* Settlement Agreement, DE [40-1], § 4(a); *see also* Plaintiffs' Letter in Support of Approval of Settlement ("Pls.' Ltr."), DE [40], at 2. Relevant here, the Settlement Agreement also contains a non-solicitation provision and non-disparagement provision. *See* Settlement Agreement §§ 5, 7. Pursuant to the non-solicitation provision:

> Plaintiffs further agree and promise not to encourage, facilitate, provoke, or otherwise support any claim by a third party, including, without limitation, current and former employees of Defendants, against Defendants, and they will not participate or aid in any civil litigation against Defendants, including providing a witness statement, declaration, affidavit, or testimony, unless compelled to do so by a lawful court order or subpoena.  Further, Plaintiffs agree not to voluntarily meet with any lawyer that is representing anyone in a case against Defendants.

Settlement Agreement § 5.  The non-disparagement provision provides that "[n]either party shall make any comments which are critical, derogatory or which may injure the reputation or business of or issue any communication, written or otherwise, that reflects adversely on or encourages any adverse action against the other party or parties." *Id.* at § 7.

## II.     DISCUSSION

Pursuant to the FLSA, parties cannot enter into a private settlement agreement and stipulate to dismissal of their case pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) without approval of the Court or the United States Department of Labor.  *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015); *see also Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (requiring that a district court scrutinize an FLSA settlement agreement to determine that it is fair and reasonable).  To that end, courts routinely decline to approve settlement agreements in FLSA actions that contain provisions that serve to "prevent the spread of information about FLSA actions to other workers . . . who [could] then use that information to vindicate their own statutory rights." *Weng v. T&W Rest., Inc.*, No. 15 Civ. 8167, 2016 WL 3566849, at *4 (S.D.N.Y. June 22, 2016) (quoting *Lopez v. Ploy Dee, Inc.*, No. 15 Civ. 647, 2016 WL 1626631, at *3 (S.D.N.Y. Apr. 20, 2016)); *see also*

*Camacho v. Ess-A-Bagel, Inc.*, No. 14 Civ. 2592, 2015 WL 129723, at *2 (S.D.N.Y. Jan. 9, 2015) (observing that "[t]he purpose underlying the FLSA is the protection of the rights of those who toil, of those who sacrifice a full measure of their freedom and talents to the use and profit of others") (internal quotation omitted).  To that end, a provision of a settlement agreement that restricts an employee's ability to discuss his or her experience in litigating an FLSA wage and hour case "runs afoul of the purposes of the FLSA and the 'public's independent interest in assuring that employees' wages are fair.'"  *Camacho*, 2015 WL 129723, at *2 (internal quotation omitted); *see also Weng*, 2016 WL 3566849, at *4 ("While 'not every non-disparagement clause in an FLSA settlement is *per se* objectionable,' a clause which bars a plaintiff from making negative statements about a defendant 'must include a carve-out for truthful statements about a plaintiff's experience in litigating his case.'") (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 180 n.65 (S.D.N.Y. 2015)); *Lopez*, 2016 WL 1626631, at *3 (declining to approve an FLSA settlement agreement that required the plaintiff "not to directly or indirectly encourage, induce, solicit, or assist anyone to file a wage and hour action or collective or class action" against the defendants).

     Here, both the non-solicitation provision and non-disparagement provision contained in the Settlement Agreement are contrary to the policy concerns underlying the FLSA.  As discussed above, the non-solicitation provision prohibits Plaintiffs from, among other things, encouraging, facilitating, provoking, or otherwise supporting any claims against Defendants.  *See* Settlement Agreement § 5.  Similarly,

4

the non-disparagement provision prohibits Plaintiffs from making any critical, derogatory, or otherwise adverse comments about Defendants, or any comments that would encourage any adverse action against Defendants.[2] *Id.* at § 7.  Courts have held that similar restrictions on communication are contrary to the remedial aims of the FLSA.  *See, e.g.*, *Weng*, 2016 WL 3566849, at *4 (declining to approve an FLSA settlement agreement that "would silence the employees who have vindicated a disputed FLSA right") (internal quotation and alterations omitted); *Lopez*, 2016 WL 1626631, at *3 (holding that confidentiality and non-disparagement provisions were contrary to public policy where they "prevent[ed] the spread of information about FLSA actions to other workers (both employees of Defendants and others), who can then use that information to vindicate their statutory rights"); *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15 Civ. 4259, 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015) (declining to approve settlement agreement that prohibited the plaintiff from "informing other employees—who may not be aware of their rights under the FLSA— of the company's failure to pay the wages required by law").  To that end, the non-disparagement provision also impermissibly lacks a "carve-out" allowing Plaintiffs to make truthful statements about their experience in litigating this action.  *See Weng*, 2016 WL 3566849, at *4 (requiring that non-disparagement provisions contain a carve-out allowing for truthful communications).

---

[2] Although the non-disparagement provision applies equally to both parties, *see* Settlement Agreement § 7, it nonetheless impermissibly restricts Plaintiffs' ability to communicate with others in an effort to vindicate their statutory rights.  *See Lazaro-Garcia*, 2015 WL 9162701, at *3 (declining to approve settlement agreement that barred "both Plaintiff and Defendants from making disparaging comments about each other").

5

Based on the foregoing, the Court concludes that the Settlement Agreement is inconsistent with the policy concerns underlying the FLSA. Therefore, the Court declines to approve the Settlement Agreement in its current form.

## III. CONCLUSION

For the reasons set forth herein, the parties' joint application for approval of the Settlement Agreement is denied without prejudice. On or before October 14, 2016, the parties are instructed to submit a revised settlement agreement consistent with the instant Order, or, in the alternative, a letter advising that they intend to proceed with litigating this action.

Dated: Central Islip, New York
September 13, 2016

**SO ORDERED.**

s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge