# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (this "Agreement") is entered into among AMANDA ZAPATA and RUBILIA VELASQUEZ (collectively "Plaintiffs"), CHILDREN'S PLANET, INC. (d/b/a CHILDREN'S PLANET) and LUZ BEDOYA (individually and collectively, "Defendants"), and together with any past, present or future subsidiaries, divisions, parent entities, joint venturers, partners, partnerships or other affiliated or related entities and all successors, assigns, insurers, counsel, administrators, executors, officers, directors, agents, shareholders, debtors, creditors, trustees, representatives and/or employees thereof, and any sponsored benefit plan, are hereinafter sometimes collectively referred to as ("Defendants Released Parties"). Desiring to settle any matters relating to or arising out of the action in United States District Court, Eastern District of New York entitled *Amanda Zapata and Rubilia Velasquez, individually and on behalf of others similarly situated, vs. Children's Planet Inc (d/b/a Children's Planet, and Luz Bedoya*, Index No. 14 Civ. 04114 (the "Action"), Plaintiff and Defendants hereby agree to the following terms and conditions of settlement:

1.      No Admission. Defendants have entered into this Agreement solely for the purpose of avoiding the burden and expense of further litigation. Plaintiffs understand, acknowledge and agree that neither the consummation of this Agreement nor anything contained herein, shall be construed or considered, in any way, to be an admission by Defendants of guilt, liability, or non-compliance with federal, state or local laws, public policies, case law, contracts (oral or written, express or implied), or any policies or practices promulgated by Defendants or of any other wrongdoing whatsoever.

2.      Inclusive Nature of Agreement. Plaintiffs agree that this Agreement resolves and

c.508510.1

settles any and all claims of any kind that Plaintiffs may have against or with respect to Defendants that relate to or arise out of matters alleged in the Action.

3. <u>No Claims Permitted</u>.

a. Plaintiffs waive their individual rights to file any charge or complaint on each Plaintiff's behalf against Defendants, and to participate in any claim, charge or complaint against Defendants which may be made by any other person or organization on either Plaintiff's behalf or otherwise before any federal, state or local court, any administrative agency, or in any arbitration, union grievance procedure, or other forum that relate to or arise out of matters alleged in the Action.

b. Plaintiffs confirm that, except for the Action, no charge, complaint, or action exists in any forum, including, but not limited to, the Equal Employment Opportunity Commission, New York State Department of Labor, the United States Department of Labor, or the New York State Division of Human Rights. Should any charge or complaint of any nature ever be filed by either Plaintiff against Defendants that relate to or arise out of matters alleged in the Action, Plaintiffs agree that they will not accept any relief or recovery therein.

c. In the event that any claim is filed by or on behalf of either Plaintiff against Defendants that relate to or arise out of matters alleged in the Action, it shall be dismissed as to said Plaintiff with prejudice upon presentation of this Agreement and said Plaintiff shall: (i) pay or reimburse Defendants for the disbursements, costs and attorneys' fees they incur defending any such claim; and (ii) indemnify Defendants from any liability incurred therein or in connection therewith.

4. <u>Consideration</u>.

2

b.508510.1

a.  Defendants agree to pay Plaintiffs, and their counsel, the gross settlement sum of Forty Thousand Dollars and No Cents ($40,000.00) ("Settlement Payment") in twelve (12) equal monthly payments (each in the amount of $3,333.33), said payments to be made out, at Plaintiffs'' request, to *Michael Faillace & Assocaites, P.C. as Attorneys for Plaintiffs*. The first payment will be due within twenty-one days of all of the following terms being met: (i) receipt from Plaintiffs' counsel of an executed Stipulation of Dismissal with Prejudice in the form attached hereto; (ii) receipt of this Agreement executed by Plaintiffs; and (iii) completed W-9 Form Michael Faillace & Associates, P.C. Defendants will issue a 1099 to Michael Faillace & Associates, P.C. at the conclusion of the calendar year for all settlement payments made by Defendants during the year. Defendants will be under no obligation to make any payments from the gross settlement sum should the Court refuse to so order the attached Stipulation of Dismissal with Prejudice or make changes to this Agreement. The second through twelfth payment will be paid on or before the 15th of each month thereafter, beginning on the 15th of the first month after the initial payment is made.

b.  Concurrently with the execution of this Agreement, Children's Planet, Inc. and Luz Bedoya shall each execute and deliver to Plaintiffs' counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibit A and B, respectively. The Parties hereby acknowledge and agree that the Confession of Judgments will be held in escrow by Plaintiffs' counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, and (ii) Defendants fail to cure such default within five (5) days of receipt of written notice (to be delivered to Defendants by first class mail via their counsel, Jose Santiago, Ackerman Levine Cullen Brickman & Limmer LLP, 1010 Northern Blvd Suite 400, Great Neck, NY 11021. Any such Notice of

3

b.508510.1

Default shall be deemed received five days after it is mailed.

    c.  Without limiting the terms of this Agreement, the parties hereto agree and acknowledge that the Settlement Payment is in full and final disposition and complete satisfaction of any and all claims against Defendants by Plaintiffs, including, but not limited to, claims for attorneys' fees and costs. Plaintiff expressly directs Defendants to send all Settlement Payments to the Michael Faillace & Associates, P.C., and acknowledge that receipt of the Settlement Payment by Michael Faillace & Associates, P.C. constitutes receipt thereof by Plaintiffs and agrees that the Settlement Payment constitutes an accord and satisfaction.

    d.  Plaintiffs and Defendants agree and acknowledge that the Settlement Payment is over and above that to which Plaintiffs would otherwise be entitled, that Defendants are adamant that Plaintiffs are not legally entitled to any payments whatsoever, and that Plaintiffs would not receive the Settlement Payment but for Plaintiffs' execution of this Agreement.

    e.  Plaintiffs further agree that, with the payment stated above, Plaintiffs will have been paid in full for all hours worked for Defendants, including, but not limited to, any and all claims for wages, overtime pay, liquidated damages and spread of hours pay. Plaintiffs will be materially breaching this Agreement if Plaintiffs claim in the future that Plaintiffs have not been paid the minimum wage, spread of hours pay, overtime pay or liquidated damages for any work for Defendants for the periods set forth in the Action, including but not limited to, the Complaint. Plaintiffs also agree that they have not suffered any on-the-job injury. Plaintiffs agree to ensure that all personal taxes relating to the Settlement Payments are paid in full in a timely manner. In the event that any federal, state or local taxing authority or court determines that taxes, interest or penalties are due and owing as a result of the either Plaintiff's failure to properly file their taxes

4

b.508510.1

owed as a result of the receipt of the Settlement Payments, those taxes, interest and penalties are the sole obligation and liability of said Plaintiff, who agrees to hold harmless and to indemnify Defendants from any tax-related or other liability, including attorneys' fees.

5. <u>Destruction of Property/Recordings</u>. Plaintiffs and Michael Faillace & Associates, P.C. will destroy all Confidential Information and any other documents in their control that relate to this case within ten (10) days of final settlement approval by the Court. Confidential Information includes all documents produced in discovery, and other physical or personal property in either Plaintiff's possession belonging to or related to Defendants or Defendants Released Parties in any manner. Confidential Information also includes all recordings, whether tape, video, digital or otherwise, including, but not limited to, all copies of the recordings and transcripts, including deposition transcripts, relating to this case or Defendants and that Plaintiffs, and their counsel, have not retained copies (electronic or otherwise) or excerpts thereof and has otherwise deleted and/or otherwise destroyed them.

6. <u>Non-Admissibility Into Evidence</u>. The parties hereto agree that this Agreement may be used as evidence only in a subsequent proceeding in which Defendants or Plaintiffs allege breach of or seek damages or indemnification under this Agreement or as required by lawfully issued subpoena.

7. <u>Release</u>. Plaintiffs knowingly and voluntarily release and forever discharge the Defendants Released Parties of and from any and all claims that relate to or arise out of matters alleged in the Action, including all claims under the New York Labor Law and Fair Labor Standards Act.

8. <u>Consultation With Counsel</u>. Plaintiffs acknowledge that each of them have

consulted with Jesse S. Barton, Esq. at Michael Faillace & Associates, P.C. Plaintiffs have carefully read this Agreement in its entirety, which has been translated for her, if necessary, by her counsel. Plaintiffs fully understand the terms of this Agreement and their significance; and, Plaintiffs voluntarily agree to all the terms and conditions contained herein, and acknowledge that each Plaintiff has signed this Agreement voluntarily and of her own free will.

9. <u>Complete Understanding Of The Parties</u>. This Agreement represents the complete understanding among the parties hereto and no other promises or agreements either oral or written shall be binding on either party unless set forth herein.

10. <u>Binding Agreement</u>. This Agreement is binding upon, and shall inure to the benefit of, the parties hereto and their respective heirs, executors, administrators, successors and assigns.

11. <u>Interpretation</u>. This Agreement is made and entered into in the State of New York, and shall in all respects be interpreted, enforced and governed under the laws of said State.

12. <u>Section Headings</u>. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement

13. <u>Competency to Execute</u>. Plaintiffs represent and warrant to and for the benefit of the Released Parties that Plaintiffs are competent to execute this Agreement and to waive and/or release any and all respective claims either Plaintiff has or may have against the Released Parties. Plaintiffs are not a party to any bankruptcy or other lien, creditor-debtor or other proceeding which would impair Plaintiffs' right to settle the Action and to waive all claims Plaintiffs may have against the Released Parties.

14. <u>Waiver of Future Employment</u>.

    a. Plaintiffs agree to waive any right that Plaintiffs may have to return

6

b.508510.1

to employment and/or apply for employment at any time henceforth with Defendants. Under this provision, Plaintiffs are barred from working for Defendants.

THE PARTIES HERETO HAVE READ AND FULLY CONSIDERED THIS AGREEMENT AND EACH OF THEM DESIRE TO ENTER INTO THIS AGREEMENT. THE TERMS OF THIS AGREEMENT, INCLUDING THE GENERAL RELEASE, ARE THE PRODUCT OF MUTUAL NEGOTIATION AND COMPROMISE BETWEEN PLAINTIFFS AND DEFENDANTS. PLAINTIFFS ACKNOWLEDGE THAT THE RIGHTS AND CLAIMS PLAINTIFFS WAIVE IN THIS AGREEMENT ARE IN EXCHANGE FOR CONSIDERATION IN ADDITION TO ANYTHING OF VALUE TO WHICH PLAINTIFFS ALREADY ARE ENTITLED AND THAT PLAINTIFFS WOULD NOT RECEIVE SAID CONSIDERATION EXCEPT FOR PLAINTIFFS' EXECUTION OF THIS AGREEMENT. PLAINTIFFS FURTHER ACKNOWLEDGE THAT PLAINTIFFS HAVE READ THIS AGREEMENT FULLY AND CAREFULLY AND UNDERSTAND ITS TERMS AND THAT PLAINTIFFS ARE SIGNING IT KNOWINGLY AND VOLUNTARILY.

Dated: _____    _____
                                  AMANDA ZAPATA

Translated in its entirety from English to Spanish by: _____

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF  NY       )

On this 20 day of ~~July~~ October 2016 before me personally came Amanda Zapata, to me known and known to me to be the person described in and who executed the foregoing Settlement Agreement and Release, and she duly acknowledged to me that she executed the same.

_____
Notary Public
Dated: _____

MICHAEL FAILLACE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6120964
Qualified in New York County
My Commission Expires January 03, 20_17_

_____
RUBILIA VELASQUEZ

Translated in its entirety from English to Spanish by: _____

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF  NY       )

7

d.508510.1

On this 28 day of ~~July~~ October 2016 before me personally came Rubilia Velasquez, to me known and known to me to be the person described in and who executed the foregoing Settlement Agreement and Release, and she duly acknowledged to me that she executed the same.

_____
Notary Public

        MICHAEL FAILLACE
  NOTARY PUBLIC-STATE OF NEW YORK
       No. 02FA6120964
   Qualified in New York County
 My Commission Expires January 03, 20__

Children's Planet Inc. (d/b/a Children's Planet)

Dated: 10/17/2016

By: _____

Name: Luz Murillo

Title: President

Dated: 10/17/2016

_____
LUZ BEDOYA

STATE OF NEW YORK )
                          ) ss.:
COUNTY OF Nassau )

On this 17th day of ~~July~~ October 2016 before me personally came Luz Bedoya, to me known and known to me to be the person described in and who executed the foregoing Settlement Agreement and Release, and he duly acknowledged to me that he executed the same.

_____
Notary Public

      Jose Gabriel Santiago
        Notary Public
      No. 02SA6223489
     State of New York
  Qualified in Suffolk County
My Commission Expires June 14, 2018

d.508510.1

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------

AMANDA ZAPATA and RUBILIA VELAZQUEZ,
*individually and on behalf of others similarly situated,*

                        *Plaintiffs,*

                     -against-

CHILDREN'S PLANET INC. (d/b/a CHILDREN'S PLANET) and LUZ BEDOYA,

                        *Defendants.*

---------------------------------x

Index No.:

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK   )
                                : ss.:
COUNTY OF Nassau   )

LUZ BEDOYA, being duly sworn, deposes and says:

1.    I reside in Nassau County, New York.

2.    Pursuant to the terms of the Settlement Agreement and General Release by and between AMANDA ZAPATA and RUBILIA VELAZQUEZ (each a "Plaintiff" and collectively, "Plaintiffs") and CHILDREN'S PLANET INC. (d/b/a CHILDREN'S PLANET), and LUZ BEDOYA (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against me individually and in favor of Plaintiffs for the sum of SIXTY FIVE THOUSAND DOLLARS AND NO CENTS ($65,000), less any payments made under the settlement agreeement.

3.    This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of FORTY THOUSAND DOLLARS and NO CENTS ($40,000) to Plaintiffs through twelve equal monthly installment payments. The amount of this affidavit of confession of judgment represents the settlement amount of $40,000 plus liquidated damages of $25,000.

4.    This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and

10

d.508510.1

provisions of the Settlement Agreement.

5.   I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, New York County, as a judgment for $65,000 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against me, LUZ BEDOYA.

_____
LUZ BEDOYA

Sworn to before me this
12th day of ~~July~~ October 2016

_____
Notary Public

Jose Gabriel Santiago
Notary Public
No. 02SA6223489
State of New York
Qualified in Suffolk County
My Commission Expires June 14, 2018

11

d.508510.1

# EXHIBIT B

12

d.508510.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AMANDA ZAPATA and RUBILIA VELAZQUEZ, :  Index No.:
*individually and on behalf of others similarly situated,* :
: **AFFIDAVIT OF CONFESSION OF**
                 *Plaintiffs,* : **JUDGMENT**
:
       -against- :
:
CHILDREN'S PLANET INC. (d/b/a CHILDREN'S :
PLANET) and LUZ BEDOYA, :
:
                *Defendants.* :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK    )
                              : ss.:
COUNTY OF *Nassau*   )

      LUZ BEDOYA , being duly sworn, deposes and says:

    1.    I reside in *Nassau* County, New York.

    2.    I am the President of CHILDREN'S PLANET INC. (d/b/a CHILDREN'S PLANET). I am duly authorized to make this affidavit of confession of judgment on behalf CHILDREN'S PLANET INC. (d/b/a CHILDREN'S PLANET).

    3. CHILDREN'S PLANET INC. (d/b/a CHILDREN'S PLANET), maintains its principal place of business in Nassau County at 1081 Merillon Ave., Westbury, New York 11590.

    4. Pursuant to the terms of the Settlement Agreement and General Release by and between AMANDA ZAPATA and RUBILIA VELAZQUEZ (each a "Plaintiff" and collectively, "Plaintiffs") and CHILDREN'S PLANET INC. (d/b/a CHILDREN'S PLANET), and LUZ BEDOYA (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against CHILDREN'S PLANET INC. (d/b/a CHILDREN'S PLANET) in favor of Plaintiffs for the sum of SIXTY FIVE THOUSAND DOLLARS AND NO CENTS ($65,000), less any payments made under the settlement agreement.

d.508510.1

5.  This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of FORTY THOUSAND DOLLARS and NO CENTS ($40,000) to Plaintiffs through twelve equal monthly installment payments. The amount of this affidavit of confession of judgment represents the settlement amount of $40,000 plus liquidated damages of $25,000.

6.  This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7.  I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, New York County, as a judgment for $65,000 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against CHILDREN'S PLANET INC. (d/b/a CHILDREN'S PLANET).

CHILDREN'S PLANET INC. (d/b/a Children's Planet)

By: _____
LUZ BEDOYA
Title: President

STATE OF New York )
                   : ss.:
COUNTY OF Nassau )

On October 17, 2016, before me personally came Luz Murillo, to me known, who, by me duly sworn, did depose and say that deponent resides at 108 Merillon Ave. Westbury, NY, that deponent is the President of CHILDREN'S PLANET INC. (d/b/a CHILDREN'S PLANET) the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of CHILDREN'S PLANET INC. (d/b/a CHILDREN'S PLANET) and was authorized to do so.

_____
Notary Public

Jose Gabriel Santiago
Notary Public
No. 02SA6223489
State of New York
Qualified in Suffolk County
My Commission Expires June 14, 2018

14

d.508510.1