UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
AMANDA ZAPATA and RUBILIA
VELAZQUEZ, individually and on behalf of
others similarly situated,

      ORDER
      14-CV-4114 (SIL)

                Plaintiffs,

   -against-

LUZ BEDOYA and CHILDREN'S PLANET,
INC.,

                Defendants.
-------------------------------------------------------------X

**LOCKE, Magistrate Judge:**

Presently before the Court in this wage and hour action brought pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL"), N.Y. Lab. Law § 190 *et seq.*, is the parties' joint application seeking approval of a Revised Settlement Agreement and Release (the "Revised Settlement Agreement"). *See* Docket Entry ("DE") [44]. For the reasons set forth herein, the parties' joint application is granted.[1]

On April 21, 2016, Plaintiffs Rubilia Velazquez and Amanda Zapata (together, "Plaintiffs") and Defendants Luz Bedoya and Children's Planet, Inc. (together, "Defendants") participated in a Court-supervised settlement conference, but were

---

[1] This action has been assigned to this Court for all purposes pursuant to 28 U.S.C. § 636(c). *See* DE [21].

1

unable to resolve this matter at that time. *See* DE [36]. On June 16, 2016, Plaintiffs submitted a Notice of Settlement, advising the Court that the parties had reached a settlement in principle, and, on August 29, 2016, the parties submitted a joint application seeking approval of a proposed settlement agreement. *See* DE [38], [40]. After reviewing the proposed agreement, the Court denied the joint application without prejudice concluding that the agreement's non-solicitation and non-disparagement provisions ran counter to the unique policy concerns underlying the FLSA. *See* DE [41]. In response to the Court's decision, on October 28, 2016, the parties submitted the Revised Settlement Agreement now pending.

The Court has reviewed the Revised Settlement Agreement and the previous submissions in support of the settlement, which included "Letter Re Fairness of Settlement," DE [40], and "Damages Chart," DE [40-2]. Accordingly, in light of the redrafted terms striking the non-disparagement and non-solicitation provisions and having also presided at the settlement conference, the Court finds that the Revised Settlement Agreement is fair and reasonable. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (requiring that a district court scrutinize an FLSA settlement agreement to determine that it is fair and reasonable).

Therefore, the motion is granted, and the Settlement Agreement is approved as between Plaintiff and the Settling Defendants.

Dated: Central Islip, New York
December 2, 2016

**SO ORDERED.**

s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge